UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOV 16 2026 PM1:47
FILED - USDC - FLMD - TPA

MICK ROCHER,

Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,

Defendant.

Case No. 8:26-cv-3481-MSS-AAS

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(Freedom of Information Act, 5 U.S.C. § 552, and Privacy Act of 1974, 5 U.S.C. § 552a)

**Nature of the Action**

**1.** This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, to compel the Central Intelligence Agency ("CIA") to decide Plaintiff's administrative appeal, to conduct an adequate search for records about Plaintiff, and to justify, in a form the Court can review, its refusal to release or acknowledge any such records.

**Jurisdiction and Venue**

**2.** The Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(1), and 28 U.S.C. § 1331.

**3.** Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5) because Plaintiff resides in this District.

4. Plaintiff resides in Pasco County, Florida, which lies within the Tampa Division. *See* M.D. Fla. Local Rule 1.04.

**Parties**

5. Plaintiff Mick Rocher resides in New Port Richey, Pasco County, Florida. Plaintiff is a citizen of the United States.

6. Defendant Central Intelligence Agency is an agency of the United States within the meaning of 5 U.S.C. §§ 552(f)(1) and 552a(a)(1), with its headquarters in Washington, D.C. The CIA is the agency to which Plaintiff directed the Request described below and the agency that responded to it. Plaintiff does not presently know whether responsive records exist; the CIA has stated that it located none and has declined to confirm or deny the existence of others.

**Statement of Facts**

**A. The Request**

7. On November 30, 2025, Plaintiff submitted a written request to the CIA's Information and Privacy Coordinator under FOIA and the Privacy Act seeking records about himself dated from January 1, 2020, to the date of the request (the "Request"). Ex. A.

8. The Request listed eight categories of records, each limited to records that concern Plaintiff: (1) background checks, investigations, or inquiries conducted for employment, security clearance, or any other purpose; (2)

delayed-notice search warrants; (3) records collected or queried under Section 702 of the Foreign Intelligence Surveillance Act; (4) results of queries of NSA or other agency databases using Plaintiff's name, identifiers, or communications; (5) records created or accessed under the 2021 National Strategy for Countering Domestic Terrorism and its implementation plan; (6) inter-agency and public-private communications that mention Plaintiff; (7) entries about Plaintiff in the FBI's Sentinel system shared with or accessible to the CIA; and (8) records of Plaintiff's inclusion on, or nomination to, any federal watchlist. The Request identified Plaintiff by name, date and place of birth, and address and limited the time period to January 1, 2020, through the date of the Request. Ex. A.

**9.** The CIA received the Request on December 1, 2025. Ex. B.

**B. The CIA's Handling of the Request**

**10.** By letter dated December 18, 2025, assigned Reference No. P-2026-00182, the CIA stated that it could not process the Request under FOIA because the Request was not "reasonably described," reclassified it as a Privacy Act request, and asked Plaintiff for additional identifying information. Ex. B.

**11.** On December 28, 2025, Plaintiff responded with a signed Certification of Identity, made under penalty of perjury, stating that he is a United States citizen, together with a signed copy of the Request. The CIA received the response on January 7, 2026. Exs. C, D.

**12.** By letter dated February 18, 2026, the CIA acknowledged receipt of Plaintiff's December 28, 2025 letter and stated that it would search for CIA-originated records through the date its search began, and described Plaintiff's response as providing the information the CIA had requested. Ex. D. The CIA did not repeat its "reasonably described" objection in any later letter. Exs. D, E.

**13.** By letter dated February 27, 2026, the CIA issued what it called its "final response." Ex. E. The CIA stated that it had searched for records whose existence could be revealed without disclosing classified information and had "located no responsive documents." *Id.*

**14.** As to any other responsive records, the CIA stated that it could "neither confirm nor deny" whether they exist, citing Section 3.6(a) of Executive Order 13526. The CIA told Plaintiff to treat that statement as a denial under Privacy Act exemptions (j)(1) and (k)(1) and FOIA exemptions (b)(1) and (b)(3), citing 50 U.S.C. §§ 3507 and 3024(i)(1). Ex. E.

**15.** The February 27, 2026 letter does not identify which CIA offices, directorates, or records systems were searched. Ex. E.

**16.** The letter advised Plaintiff that he could appeal to the Agency Release Panel within 90 days. Ex. E.

**C. The Administrative Appeal**

17. By letter dated March 12, 2026, Plaintiff timely appealed to the Agency Release Panel. Ex. F. The appeal challenged the "no records" finding as the product of an inadequate search, asked for a supplemental search of the Directorate of Support and the Office of Security, challenged the "neither confirm nor deny" response and the exemptions cited, and requested expedited processing. *Id.*

18. By letter dated April 9, 2026, the CIA acknowledged that it received the appeal on April 2, 2026. Ex. G. The CIA stated that its regulations do not provide for expedited processing of an appeal and that it would bring the appeal before the Agency Release Panel for "deliberation and final determination." *Id.* The letter did not invoke any extension of time or claim unusual circumstances. *Id.*

19. Under 5 U.S.C. § 552(a)(6)(A)(ii), the CIA was required to decide the appeal within twenty business days of receipt, that is, by April 30, 2026. Even if the ten-business-day extension in 5 U.S.C. § 552(a)(6)(B)(i) had applied, the deadline was May 14, 2026.

20. The CIA did not issue a determination on the appeal by either date.

**D. Plaintiff's Efforts to Obtain a Decision**

21. On July 8, 2026, Plaintiff contacted the Office of Government Information Services ("OGIS") about the CIA's failure to act. By letter dated July 17, 2026 (OGIS Case No. C-0007800877), OGIS stated that it cannot compel an

agency to act on an appeal and recommended that Plaintiff contact the CIA's FOIA Public Liaison. Ex. H.

**22.** On September 5, 2026, Plaintiff faxed a letter to the CIA's FOIA Public Liaison and Information and Privacy Coordinator at (703) 613-3007 asking for the status of his appeal. The Agency Release Panel received it on September 8, 2026. Exs. I, J.

**23.** By letter dated September 9, 2026, the CIA responded that it was "currently processing" the appeal, which it called Plaintiff's Privacy Act appeal, and gave an "estimated completion date" of April 12, 2028. Ex. J.

**24.** April 12, 2028, is nearly two years after May 14, 2026, the latest date by which the CIA was required to decide the appeal.

**25.** On September 28, 2026, Plaintiff sent a written Notice of Unreasonable Delay to the Agency Release Panel by facsimile to (703) 613-3007, a facsimile number the CIA lists in its regulations for FOIA status inquiries and complaints. *See* 32 C.F.R. § 1900.03. The notice stated that Plaintiff considered his administrative remedies exhausted under 5 U.S.C. § 552(a)(6)(C)(i) and that he would seek judicial review if no determination issued within ten business days. Plaintiff used the same facsimile number he had used on September 5, 2026, for the correspondence the CIA acknowledged receiving on September 8, 2026. Ex. K.

**26.** Ten business days after September 28, 2026, ended no later than October 13, 2026. As of the date of this Complaint, the CIA has not issued a determination on the appeal, has not responded to the notice, and has not released any record or any further explanation of its search or its withholding.

**Exhaustion of Administrative Remedies**

**27.** Plaintiff submitted a timely administrative appeal to the CIA's Agency Release Panel on March 12, 2026, and the CIA received it on April 2, 2026.

**28.** The CIA did not decide the appeal within the time FOIA allows. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is therefore deemed to have exhausted his administrative remedies under FOIA. The CIA processed the Request under FOIA as well as the Privacy Act, invoked FOIA exemptions (b)(1) and (b)(3), and directed Plaintiff to FOIA's dispute-resolution offices. Plaintiff's appeal was captioned "Privacy Act/FOIA Request for Records" and raised FOIA issues. The CIA's later description of the appeal as a Privacy Act appeal does not relieve it of FOIA's deadlines.

**29.** The CIA has not stated in any correspondence to Plaintiff that exceptional circumstances exist or that it is exercising due diligence in responding. Its own estimate of April 12, 2028, shows that it does not intend to decide the appeal within any period FOIA allows.

**30.** The Privacy Act contains no express exhaustion requirement for access claims. To the extent a prudential exhaustion requirement applies, Plaintiff satisfied it by pursuing the CIA's own appeal procedure. Further waiting would serve no purpose because the CIA has held the appeal for more than six months, has given an estimated completion date nearly two years past the statutory deadline, and has not responded to Plaintiff's notice of delay.

## Claims for Relief

### Count I — FOIA: Failure to Decide the Appeal Within the Statutory Time (5 U.S.C. § 552(a)(6)(A)(ii))

**31.** Plaintiff realleges paragraphs 1 through 30.

**32.** FOIA requires an agency to decide an administrative appeal within twenty business days of receiving it, extendable by no more than ten business days in unusual circumstances on written notice to the requester. 5 U.S.C. § 552(a)(6)(A)(ii), (B)(i).

**33.** The CIA received Plaintiff's appeal on April 2, 2026, gave no written notice of an extension, and has not decided the appeal. The CIA is in violation of 5 U.S.C. § 552(a)(6)(A)(ii).

**34.** Plaintiff is entitled to a declaration that the CIA violated FOIA and to an order requiring the CIA to complete its processing of the appeal and the Request on a schedule the Court sets, and to file by dates the Court sets either a determination or a report explaining what remains to be done.

**Count II – FOIA: Inadequate Search (5 U.S.C. § 552(a)(3)(A), (D))**

**35.** Plaintiff realleges paragraphs 1 through 34.

**36.** FOIA requires an agency to make reasonable efforts to search for records in a manner reasonably calculated to locate all records responsive to a request. 5 U.S.C. § 552(a)(3)(A), (D).

**37.** The CIA reported that it located no responsive documents, but it did not identify the offices or records systems it searched. Plaintiff's appeal identified the Directorate of Support and the Office of Security as components reasonably likely to hold responsive records and asked for a supplemental search. The CIA has not said whether it searched them.

**38.** On information and belief, the CIA's search did not include all components and records systems reasonably likely to hold records responsive to the Request. Plaintiff is entitled to an order requiring the CIA to conduct an adequate search and to file a declaration describing it.

**Count III – FOIA: Improper Refusal to Confirm or Deny and Withholding (5 U.S.C. § 552(a)(4)(B), (b)(1), (b)(3))**

**39.** Plaintiff realleges paragraphs 1 through 38.

**40.** In this action the Court decides the matter de novo, and the CIA bears the burden of sustaining its action. 5 U.S.C. § 552(a)(4)(B).

**41.** The CIA's final response cites Executive Order 13526 and 50 U.S.C. §§ 3507 and 3024(i)(1) in general terms and does not explain how each cited

authority applies to the records Plaintiff requested. It rests on a single conditional statement about a hypothetical classified association between Plaintiff and the CIA and applies it to all eight categories of the Request, which concern different subjects, without explaining why confirming or denying the existence of records in each category would itself reveal classified information.

**42.** Plaintiff does not presently know whether responsive records exist. By this Count he asks that the CIA be required to justify its response with declarations the Court can evaluate and, where appropriate, with material submitted for *in camera* review; that the Court determine whether the "neither confirm nor deny" response and each claimed exemption is proper; and that, as to any records later acknowledged or located, the Court determine whether they are properly withheld and order release of any reasonably segregable, non-exempt information. 5 U.S.C. § 552(a)(4)(B), (b).

**Count IV – Privacy Act: Denial of Access (5 U.S.C. § 552a(d)(1), (g)(1)(B))**

**43.** Plaintiff realleges paragraphs 1 through 42.

**44.** The Privacy Act requires an agency that maintains a system of records to permit an individual, on request, to gain access to records pertaining to him in that system. 5 U.S.C. § 552a(d)(1). An individual may sue when an agency refuses to comply with such a request. 5 U.S.C. § 552a(g)(1)(B).

**45.** The CIA processed the Request as a Privacy Act request and denied access by citing exemptions (j)(1) and (k)(1) in general terms. Ex. E. It did not

identify any system of records it searched, the published rule that exempts that system, or the determination by an appropriate CIA official that the CIA's own regulations require before access is withheld on intelligence sources-and-methods grounds. *See* 32 C.F.R. §§ 1901.62, 1901.63.

**46.** Plaintiff does not presently know which system of records, if any, the CIA searched or contends is exempt. The CIA's regulations exempt from access only those portions of its systems of records that would reveal intelligence sources and methods, and they condition the bar on judicial review on a determination by an appropriate CIA official. Plaintiff is entitled to have the CIA identify the system and the rule on which it relies so the Court can decide whether the denial of access was authorized. If it was not, Plaintiff is entitled to an order enjoining the CIA from withholding the records and directing their production. 5 U.S.C. § 552a(g)(3)(A).

**47.** Records that are withheld from Plaintiff under the Privacy Act remain subject to Plaintiff's separate right of access under FOIA, which is asserted in Counts I through III.

**48.** Plaintiff seeks no damages.

## Prayer for Relief

Plaintiff respectfully asks the Court to:

A. Declare that the CIA violated 5 U.S.C. § 552(a)(6)(A)(ii) by failing to decide Plaintiff's administrative appeal within the statutory time;

B. Order the CIA to complete its processing of Plaintiff's administrative appeal and the Request on a schedule the Court sets, and to file by dates the Court sets either a final determination or a report explaining what remains to be done;

C. Order the CIA to conduct a search reasonably calculated to locate all records responsive to the Request, including in the Directorate of Support and the Office of Security, and to file a declaration describing the offices and records systems searched, the search terms used, and the results;

D. Order the CIA to file declarations justifying its "neither confirm nor deny" response and each exemption it claims, review those justifications and, where appropriate, supporting material *in camera*, and order release of any information that is not properly withheld, including reasonably segregable portions;

E. Order the CIA under 5 U.S.C. § 552a(g)(3)(A) to permit Plaintiff access to any records pertaining to him in a system of records that are not validly exempt;

F. Retain jurisdiction to monitor the CIA's compliance, and set deadlines for status reports;

G. Award Plaintiff the costs of this action to the extent allowed by 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and

**H.** Grant any other relief the Court considers just and proper.

Dated: Nov, 6, 2026

Respectfully submitted,

/s/

Mick Rocher, *pro se*
8825 Lazy River Loop, Apt. 4-310
New Port Richey, Florida 34655
(303) 548-0608
rmick0540@gmail.com